## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## WEST PALM BEACH DIVISION

CASE NO.: _____

OFFICE DEPOT, LLC,

     Plaintiff,

v.

THE IMAGINE GROUP, LLC,

     Defendant.

_____/

## COMPLAINT FOR DECLARATORY JUDGMENT

Office Depot, LLC. ("Office Depot"), by and through its undersigned counsel, hereby files this Complaint for Declaratory Judgment against The Imagine Group, LLC ("Defendant"), and alleges, on knowledge as to its own actions and otherwise upon information and belief, as follows:

## NATURE OF THE ACTION

1.     This is an action under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, seeking a declaration that Office Depot's use of its IMAGINE SUCCESS mark (the "Office Depot Mark") does not infringe Defendant's IMAGINE trademarks (the "Defendant's Marks") under the Lanham Act, Lanham Act, 15 U.S.C. §1051 et. seq., and that Office Depot is entitled to maintain its application for a registered trademark and secure registration of the Office Depot Mark.

2.     This action arises out of Defendant's May 30, 2024 letter to Office Depot (the "Defendant's Letter")[1] and subsequent Notice of Opposition filed on August 23, 2024 at the United States Patent and Trademark Office's Trademark Trial and Appeal Board (the "Notice of Opposition")[2] objecting to Office Depot's attempted registration and use of the Office Depot Mark in connection with services in the fields of printing, print supply chains, branding, design, advertising, and marketing campaigns, claiming that the registration and use is likely to cause consumer confusion, and its allegations amounting to trademark infringement.  Office Depot denies that it has infringed any rights of the Defendant.

## PARTIES

3.     Office Depot is a Limited Liability Company organized under the laws of the states of Delaware with its principal place of business in Boca Raton, Florida.

4.     Office Depot is a leading specialty office supply retailer providing innovative products and services to support the productivity and its small business, home office and education clients.

5.     Defendant is a Delaware limited liability company with a principal place of business in Shakopee, Minnesota.

6.     Defendant is a commercial printing company that offers its products nationwide.

---

[1] A true and correct copy of Defendant's Letter is attached hereto as **Exhibit A**.
[2] A true and correct copy of the Notice of Opposition is attached hereto as **Exhibit B**.

## JURISDICTION AND VENUE

7.      The Court has jurisdiction over this claim under 28 U.S.C. §§ 2201 and 2202, and the trademark laws of the United States, 15 U.S.C. § 1051 et seq.

8.      The Court has personal jurisdiction over Defendant because it has, on information and belief, purposefully availed itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.  In particular, Defendant has, on information and belief, sold products that were intended for and installed in this District, and has marketed those products as installed in the forum State.

9.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)–(c) because, on information and belief, Defendant regularly conducts business in this District and because Defendant's contacts with this District are regular and purposeful, and a substantial part of the acts or omissions giving rise to the claims asserted herein occurred in this District.

## OFFICE DEPOT'S BUSINESS AND USE OF THE OFFICE DEPOT MARK

10.     Office Depot is a well-known, leading specialty retailer providing innovative products and services delivered through its Office Depot and OfficeMax retail stores and an award-winning online presence to support the productivity and organizations of its small business, home office, and education clients.  Office Depot is committed to enabling its clients' success, strengthening local communities, and providing equal opportunities for all.

11.     On or around March 6, 2023, Office Depot launched its new "Imagine Success" slogan as part of its campaign to enable the success of its core customer base of small business owners, home office works, teachers, parents, and students.  The slogan was created in part to be used for Office Depot's efforts to capture and share real stories of success, along with informative videos, articles, studies, and helpful strategies and buying guides.

12.     The phrase "imagine success" was selected to evoke a feeling of aspiration and ambition in observers of the mark.  The stylization of the mark is consistent with other Office Depot branding, including its famous house brand mark, with features like the use of red and black colors.

**Example of Office Depot's use of the Office Depot Mark**

13.     On or around April 26, 2023, Office Depot filed Application Serial No. 97/908,890 (the "Office Depot Application") to register the Office Depot Mark for "Retail store services and online retail store services featuring furniture, computer hardware, computer software, electronics, paper goods, computer peripherals, office supplies, and office machines; Retail mail order services and online catalog ordering services featuring furniture, hardware, computer software, electronics, paper goods, computer peripherals, office supplies, and office machines; photocopying services; distributorship services in the field of computers and related products, namely, computer peripherals and consumer electronics; providing a buy-back and trade-in program for used mobile phones and used wireless and electronic devices of others."

14.     On February 7, 2024, the U.S. Patent and Trademark Office ("USPTO") found that the Office Depot Application was sufficient to proceed toward registration, and subsequently published it in the *Official Gazette* on Feb 27, 2024. The USPTO did not cite any rights of the Defendant as a basis for refusing registration under Section 2(d) of the Lanham Act.

15.     On March 21, 2024, counsel for the Defendant filed an extension of time to oppose the Office Depot Application.  Subsequent extensions were filed on April 25, 2024, and June 25, 2024.

16.     On August 23, 2024, Defendant filed a Notice of Opposition with the Trademark Trial and Appeal Board (the "TTAB") seeking to have the TTAB reject the Office Depot Application on grounds that use of the Office Depot Mark was likely to cause confusion with Defendant's trademarks.

## **DEFENDANT'S MARK**

17.     Defendant is the owner of several "IMAGINE" trademarks, including Reg. No. 6,158,763 for the IMAGINE GROUP trademark registered and used in connection with consulting services relating to the installation of marketing materials and signage for retail establishments, Reg. Nos. 6,295,713; 6,185,698; 6,301,779; and 6,295,714 for the IMAGINE trademark, Reg. Nos. 6,816,551 and 6,816,552 for the "imagine." trademark, all registered and used in connection with related reseller services, namely, distributorship services in the field of printing equipment, printing accessories, printing supplies, labels, ribbons, labeling systems, label dispensers and re-winders, labeling software, scanners; Order fulfillment

services and merchandise packaging services to the order and specification of others, namely, preparation of customized promotional and merchandising materials for others; letter shop and direct mail advertising services, namely, advertising by and through advertising letters in the nature of the distribution of advertising mail, and letter and direct mail advertising and promotion services (collectively, "Defendant's Marks").

# imagine.

**An Example of Defendant's use of its "imagine." Mark**

18.     Defendant, in its own words, has limited the scope of its "IMAGINE" marks. On February 16, 2018, Defendant filed Application Serial No. 87/801,051 to register a stylized IMAGINE mark. In a response to an office action, Defendant limited the scope of its mark by distinguished its IMAGINE mark from "IMAGINE, CREATE, BUILD" on the grounds that the marks "differed in terms of appearance, sound and meaning," creating a different "overall commercial impression." Defendant argued that "focusing only on the term 'IMAGINE' rather than ['IMAGINE, CREATE, BUILD'] in its entirety is misplaced and contrary to Supreme Court precedent" (citing *Estate of P.D. Beckwith, Inc. v. Commissioner of Patents*, 252 U.S. 538, 545-46 (1920) ("[T]he commercial impression of a trademark is derived from it as a whole, not from its elements separated and considered in detail.").

19.     On February 16, 2018, Defendant filed Application Serial No. 87/801,042 to register a stylized IMAGINE mark. Again, in response to office actions, Defendant limited the scope of the IMAGINE mark by distinguishing IMAGINE from

IMAGINE SIMPLE!, IMAGINE YOUR FUTURE, IMAGINE THE NEXT, and IMAGINE THIS (collectively, the Registered Marks") "in terms of appearance, sound and meaning."

20.    Defendant again argued "that focusing only on the term 'IMAGINE' rather than the Registered Marks in their entirety, is misplaced and contrary to Supreme Court precedent." (citing *Estate of P.D. Beckwith*, 252 U.S. at 545-46). Defendant, in its own words, stated that "[t]he validity of a trademark should be determined by looking at the mark as a whole and should not be judged by an examination of its parts… The terms "YOUR FUTURE," "THE NEXT," "THIS" and "SIMPLE!" convey a very different meaning when combined with the word "Imagine" that is not conveyed by the term alone."

21.    Applying Defendant's own arguments to the trademarks at issue here, there is no likelihood of confusion.  The Office Depot Mark and Defendant's Marks have different commercial impressions and are used in vastly different ways, ensuring that there is no likelihood of confusion between the two companies or their respective products and/or services.

22.    Akin to the fact that the terms "YOUR FUTURE," "THE NEXT," "THIS" and "SIMPLE!" convey a very different meaning when combined with the word "Imagine" that is not conveyed by the term alone," the term "SUCCESS" in IMAGINE SUCCESS conveys a different meaning than what it conveyed by "imagine" alone.

## WIDESPREAD USE OF "IMAGINE" IN MARKS AND SLOGANS

23.     While Office Depot's particular use of the Office Depot Mark is unique, it is by no means alone in using the word "imagine" in a slogan.

24.     As of July 24, 2024, there are 2,179 registered marks that include the word "imagine," and nearly 600 more pending registrations.  This does not account for the prolific use of "imagine" in slogans that are not registered marks.

25.     There are many instances of third-party use of "imagine" in printing and related services, including Imaginethis Printing, Imagine X Printing Corp, Imagine Fine Art Printing, Imagine Prints, Imagine Printworks, Imagine, Inc., and Imagine Custom T-Shirt and Embroidery Store.

26.     "Imagine" is popular in other industries as well, for example, in the medical imaging industry, including Imagine Imaging, IMAGINE (Intelligent Medical Imaging Research Group at Boston Children's Hospital), Imagine Scientific, Inc., IMAGINE (IAEA Medical imAGIng and Nuclear mEdicine global resources database), and ImagineSoftware.

27.     "Imagine" is popular in registered tagline marks. For example, IMAGINE THE POSSIBILITIES is registered by at least eight entities, and IMAGINE MORE is registered by at least three. Other examples include IMAGINE BETTER, IMAGINE WHAT'S NEXT!, IMAGINE A PLACE, ASPIRE IMAGINE MORE, to name a few.

28.     There are countless uses of "imagine" in unregistered slogans. One example is the State of Oklahoma's official slogan, "Imagine That." The State of

Oklahoma describes the slogan as "an expression that universally represents surprise while inviting audiences to dream of their own personal opportunities."[3]

29.     "Imagine" alone is registered as a mark not only by Defendant, but also for goods and services ranging from website design, credit card services, software and electronic games, cafeteria services, and more.

## EXISTENCE OF AN ACTUAL CONTROVERSY

30.     There is an actual controversy within the jurisdiction of this Court under 28 U.S.C. §§ 2201 and 2202.

31.     On May 30, 2024, Office Depot received Defendant's Letter objecting to Office Depot's registration and use of the Office Depot Mark and claiming that the registration and use of the Office Depot Mark is likely to cause consumer confusion. Defendant's Letter not only demanded that Office Depot limit the registration of the Office Depot Mark, but also demanded Office Depot agree cease use of the Office Depot Mark or similar 'IMAGINE' marks in connection with goods or services in the fields of printing, print supply chains, branding, design, advertising, and marketing campaigns. *See* Exhibit A.

32.     On August 23, 2024, Defendant filed a Notice of Opposition with the Trademark Trial and Appeal Board (the "TTAB") seeking to have the TTAB reject the Office Depot Application on grounds that use of the Office Depot Mark was likely to cause confusion with Defendant's trademarks.  *See* Exhibit B.

---

[3] *See* https://oklahoma.gov/branding/verbal-identity.html#:~:text=%E2%80%9CImagine%20that%E2%80%9D%20is%20an%20expression,the%20state%20for%20external%20communications.

33.     Defendant's allegations of a likelihood of confusion amounting to trademark infringement set out in Defendant's Letter and Notice of Opposition are without basis because consumers are not likely to be confused by Office Depot's use of the Office Depot Mark.

34.     IMAGINE SUCCESS is used as a slogan in close proximity to the famous OFFICE DEPOT house mark.  IMAGINE SUCCESS is never used separately from the OFFICE DEPOT house mark nor as a brand name for products or services.

35.     Office Depot has developed substantial goodwill around the Office Depot Mark as a slogan on its catalogs and other marketing materials.

36.     Based on the foregoing, a justiciable controversy exists between Office Depot and Defendant as to whether Office Depot's use and registration of the Office Depot mark should be permitted or not.

37.     In view of Defendant's threats, allegations, and the Notice of Opposition, Office Depot needs—and is entitled to—a judicial declaration that Office Depot's conduct, use, and registration of the Office Depot Mark does not infringe Defendant's trademark rights in Defendants Marks.

38.     Absent a declaration to this effect, Defendant will continue to wrongfully allege that Office Depot's use of the Office Depot Mark infringes Defendant's trademark rights, thereby causing Office Depot irreparable injury and damage.

### COUNT I: DECLARATORY JUDGMENT OF NON-INFRINGEMENT

39.     Office Depot incorporates and realleges the allegations in paragraphs 1 through 38 as if fully set forth herein.

40.    There is a bona fide, actual, present and practical need for a declaration because Defendant has alleged that Office Depot is infringing on its trademarks and has moved to oppose and prevent the registration of the Office Depot Mark.

41.    The dispute between Office Depot and Defendant is definite and concrete because Defendant claims that there is a likelihood of confusion between the Office Depot Mark and Defendant's Marks, has repeatedly demanded that Office Depot cease all use of the Office Depot Mark, and has taken affirmative steps to prevent Office Depot from registering the Office Depot Mark.

42.    The dispute directly impacts the legal interests of Office Depot and Defendant which are directly adverse with respect to Office Depot's ability to continue using the Office Depot Mark.

43.    Office Depot believes that the Office Depot Mark and Defendant's Marks can coexist without causing consumer confusion.

44.    Without the declaration, Office Depot's rights to use the word "imagine" as part of its slogan are and will continue to be in question and subject to further, unnecessary, legal actions and claims.

45.    Office Depot requests a declaration by the Court, pursuant to 28 U.S.C. §§ 2201 and 2202, that: (a) the word "imagine" has substantial and widespread use in slogans and marks to evoke feelings of aspiration and ambition; (b) that there is no likelihood of confusion regarding the source of and/or any affiliation between the Office Depot Mark and Defendant's Marks; and that (c) Office Depot's current use of the Office Depot Mark does not infringe, either directly or indirectly, any valid and

enforceable trademark rights of Defendant under 15 U.S.C. § 1114(1) or 15 U.S.C. § 1125(a).

### COUNT II: DECLARATORY JUDGMENT OF REGISTRATION

46.     Office Depot incorporates and realleges the allegations in paragraphs 1 through 38 as if fully set forth herein.

47.     On or around April 26, 2023, Office Depot filed the Office Depot Application.

48.     On February 7, 2024, the USPTO found that the Office Depot Application was sufficient to proceed toward registration, and subsequently published it in the *Official Gazette* on Feb 27, 2024.

49.     The USPTO did not cite any rights of Defendant as a basis for refusing registration under Section 2(d) of the Lanham Act.

50.     On August 23, 2024, Defendant filed the Notice of Opposition seeking to have the TTAB reject the Office Depot Application on grounds that it was likely to cause confusion with Defendant's trademarks.

51.     There is a bona fide, actual, present and practical need for a declaration because Defendant has alleged that Office Depot is infringing on its trademarks and has moved to oppose and prevent the registration of the Office Depot Mark.

52.     Office Depot believes that the Office Depot Mark and Defendant's Marks can coexist on the U.S. Trademark Registry and that the Office Depot Application should be permitted to proceed to registration.

53.    The dispute between Office Depot and Defendant is definite and concrete because Defendant has repeatedly demanded that Office Depot cease all use of the Office Depot Mark and has taken affirmative steps to prevent Office Depot from registering the Office Depot Mark.

54.    The dispute directly impacts the legal interests of Office Depot and Defendant which are directly adverse with respect to Office Depot's ability to proceed with the Office Depot Application and secure registration for the Office Depot Mark.

55.    Office Depot requests a declaration by the Court, pursuant to 28 U.S.C. §§ 2201 and 2202, that Office Depot is entitled to maintain the Office Depot Application and to secure registration of Trademark Application Serial No. 97/908,890.

**WHEREFORE** Office Depot respectfully requests that the Court enter a declaratory judgment in its favor declaring that:

(a) the word "imagine" has substantial and widespread use in slogans and marks to evoke feelings of aspiration and ambition;

(b) that there is no likelihood of confusion regarding the source of and/or any affiliation between the Office Depot Mark and Defendant's Marks;

(c) Office Depot's current use of the Office Depot Mark does not infringe, either directly or indirectly, any valid and enforceable trademark rights of Defendant under 15 U.S.C. § 1114(1) or 15 U.S.C. § 1125(a);

(d) that Office Depot is entitled to maintain the Office Depot Application and to secure registration of Trademark Application Serial No. 97/908,890; and

- 13 -

(e) for any such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Office Depot demands a jury trial as to its claim in this litigation.

Dated: August 27, 2024

Respectfully submitted,

/s/ *Javier A. Roldán Cora*
Javier Roldán Cora
FL Bar No. 1010311
MORGAN, LEWIS, & BOCKIUS LLP
600 Brickell Avenue, Suite 1600
Miami, FL 33131-3075
javier.roldancora@morganlewis.com
Telephone: (305) 415-3000

Joshua M. Dalton (*pro-hac* forthcoming)
MORGAN, LEWIS, & BOCKIUS LLP
One Federal Street
Boston, MA 02110-1726
josh.dalton@morganlewis.com

*Counsel for Office Depot, LLC*